UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE GOOD FOOD INSTITUTE,<br>1380 Monroe St. NW, #229<br>Washington, DC 20010,<br><br>      Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF AGRICULTURE,<br>1400 Independence Ave. SW<br>Washington, DC 20250<br><br>      Defendant. | Civil Action No. 1:16-cv-01604 |

COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), for injunctive and other relief, seeking the release of agency records requested by The Good Food Institute ("GFI") from the U.S. Department of Agriculture ("USDA").

2. This lawsuit challenges the failure of USDA to disclose agency records in response to three FOIA requests submitted by GFI. GFI has requested documents that would shed light on the operations and activities of the American Egg Board ("AEB") and the USDA Agricultural Marketing Service ("AMS"), especially regarding recently-revealed improper anticompetitive activities of the AEB against plant-based alternatives to eggs. In light of recent public and media attention to this issue, the records requested are of great public interest.

**Jurisdiction and Venue**

3.     The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties under FOIA.  *See* 5 U.S.C. §§ 552(a)(4)(B), 552(a)(6)(C)(i) (2012).  The Court also has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (2012).

4.     Venue is proper in this district under FOIA.  *See* 5 U.S.C. § 552(a)(4)(B) (2012).

**Parties**

5.     Plaintiff GFI is a public interest organization incorporated as a non-profit corporation in Washington, D.C.  GFI is working toward a healthy, humane, and sustainable food supply.  Among other activities, GFI widely shares information throughout the country by various means, including through its website, social media outlets, publications (including opinion pieces in major media outlets), and media interviews.  Consumers of the information GFI disseminates include scientists, students, governmental entities, the regulated communities, media outlets, and the general public.

6.     Defendant USDA is a cabinet-level department of the executive branch of the United States government.  USDA is an agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1) (2012).

**F**ACTS

**Background**

7.     The American Egg Board is one of several federal agricultural promotion boards funded by mandatory tax on producers, commonly referred to as "Checkoff" programs.  AEB was authorized by statute, and its various activities (including its promotional plans, research, and budgets) are subject to controlling oversight by the Secretary of Agriculture.  7 U.S.C. §

2707 (2012).  The activities of Checkoff programs are considered government speech, their messaging and activities being that of the federal government itself.

8. Oversight of AEB has been delegated to the Administrator of AMS by regulation. 7 C.F.R. § 2.79 (a)(8)(xxxi) (2016).

9. Hampton Creek Foods is a California corporation, founded in 2011, that makes a variety of egg-free food products, including most notably its innovative products *Beyond Eggs* and *Just Mayo*.

10. Because of Hampton Creek's early success, prominent supporters, and strong public stance on environmental and ethical issues, the company has received significant media attention for both its mission and its products.

11. In 2015, internal records revealed that AEB had engaged in a shadow campaign against Hampton Creek Foods and its founder.  These revelations came by way of a FOIA request by a third party (not a party to this lawsuit).

12. Among the activities revealed was an attempt by AEB to pressure Whole Foods, a prominent grocery chain, to keep Hampton Creek's flagship *Just Mayo* product off its shelves.

13. AEB's campaign also involved paying bloggers to promote eggs and disparage Hampton Creek's products, without disclosing the payments that effectively made the blog posts deceptive paid advertisements.

14. One email exchange among Board officials even discussed putting "a hit" out on Hampton Creek's founder.  While this exchange was likely a tasteless attempt at humor, it suggests a troubling operational philosophy that demonstrates the need for transparency in the activities of these federal programs.

15. These revelations were subject of much public interest and media attention, and resulted in bipartisan calls for an investigation of AEB's activities.

16. In the wake of these revelations, Joanne Ivy, the CEO of the AEB, resigned from her position.

17. Based on the disturbing revelations described above, GFI has filed three FOIA requests relating to the activities of AEB and AMS. These requests were designed to augment—with additional records not yet released—the public record of the scope and effect of the AEB's harmful and improper activities.

### GFI's First FOIA Request

18. On December 11, 2015, GFI requested records of AMS and AEB related to AEB's activities generally as well as any records specifically mentioning certain keywords related to Hampton Creek Foods. The request was formulated to complement, not duplicate, the records and revelations already available to the public. This request was assigned the FOIA control number 2016-AMS-01181-F.

19. More specifically, GFI requested the following:

   a. All minutes from meetings of the American Egg Board from January 1, 2012, to present.

   b. All records, from January 1, 2014 to present, that contain any of the following terms: "Beyond Eggs"; "Just Mayo"; "Hampton Creek"; "Tetrick"; "Balk"; "Just Cookies"; "Just Cookie Dough"; "Eat the Dough"; "Just Scramble."

   c. All records relating to annual and supplemental budgets of the American Egg Board from 2012 to present. This request should be construed to include proposed

budgets and expenditures, as well as USDA records relating to approvals or denials of the proposals.

20. On March 30, 2016, AMS issued its "final response" to the above request, which described GFI's request in extremely general terms and did not address the specific records requested.

21. The response, in all, constituted 1804 pages (including some duplicates) of documents and a video file, with some redactions under claimed FOIA exemptions 4, 5, and 6.

22. Notably, however, the above documents did not include the proposed budgets and expenditures or meeting minutes requested, nor did the agency's response letter reference this aspect of GFI's request.

23. In its response, AMS claimed that it was "proactively disclos[ing] the majority of all responsive records that were available at the time to all individuals who sought these records." But AMS also noted that it was not disclosing other records because they "pertain to a current open investigation related to these records."

24. On May 12, 2016, GFI timely submitted an appeal to AMS. The appeal was transmitted successfully both by email and USPS Priority Mail.

25. As of the date of this filing, AMS has not issued any decision (or even any response at all) regarding GFI's appeal.

26. In its appeal, GFI challenged, *inter alia*, AMS's failure to make a compliance determination, its failure to substantiate its claimed exemptions, and its broad claim of an exemption for any records subject to an internal investigation.

27. In its appeal, GFI also noted that, although the agency's response included a second FOIA control number in the header, the agency did not identify the other FOIA request to

which this number relates or explain whether (and how) the agency's response relates to such FOIA request.

### GFI's Second FOIA Request

28.     On March 11, 2016, GFI requested all records previously disclosed to a third party by way of another FOIA request, 2015-AMS-01108-F.  GFI informed AMS that this request was necessary because only a small portion of the records previously released had been publicly shared and covered by the media, but that most of the records were not publicly available.

29.     AMS never acknowledged receipt of this request in writing, but did acknowledge receiving it in a telephone conversation in March 2016, noting that all responsive records would be posted online eventually.  As of the date of this filing, none of the records have been posted on the agency's FOIA electronic reading room.  AMS never provided a control number for this request or issued any further response.

### GFI's Third FOIA Request

30.     On March 21, 2016, GFI sent AMS a FOIA request for records relating to the agency's response to the revelations of AEB's improper activities.  GFI noted in its request that, as important as it is to discover improper conduct in commodity promotion programs, it is equally important to understand how the agency responds to such conduct.

31.     In this request, GFI specifically requested the following:

> All records from January 1, 2015, through the present relating to the USDA's review, investigation, conclusions, and/or response regarding the American Egg Board's actions with respect to Beyond Eggs, Hampton Creek, Just Mayo, and/or Josh Tetrick. This request should be construed liberally and

–6–

should include records of communications, memos, declarations or statements, analysis, determinations, recommendations, and actions taken. Responsive records should include, but not be limited to, those with the following search terms: "Beyond Eggs", "Just Mayo"; "Hampton Creek"; "Tetrick"; "Josh Balk"; "Edelman"; "Zolezzi"; "Whole Foods".

32. AMS never acknowledged receiving this request in writing, but did acknowledge receiving it in a telephone conversation in March 2016, noting the ongoing internal investigation. AMS never provided a control number for this request or issued any further response.

### Fee Waiver

33. Each of plaintiff's requests included an application for waiver of both search and duplication fees pursuant to FOIA's public interest and "representative of the news media" provisions. 5 U.S.C. § 552(a)(4)(A)(ii)(II), 552(a)(4)(A)(iii).

34. Each request contained detailed factual information establishing GFI's eligibility for waivers under both provisions.

35. Defendant made no fee waiver determinations for any of GFI's requests.

36. As such, GFI is entitled to have search and duplication fees waived pursuant to both its statutory eligibility for the waivers and for Defendant's failure to make a timely determination on any of GFI's applications for them.

### COUNT I
### Violation of FOIA: Failure to Comply with Statutory Deadlines

37. Paragraphs 1–36 are incorporated by reference as if set forth fully herein.

38. USDA's failure to respond to GFI's second and third FOIA requests within 20 working days violated the statutory deadline imposed by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i).

39. USDA's failure to respond to GFI's appeal of USDA's response to its first FOIA request within 20 working days violated the statutory deadline imposed by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

40. As a result of USDA's failure to comply with the statutory deadlines, GFI is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

41. GFI is entitled to an order "to enjoin the agency from withholding agency records and to order the production of any agency record improperly withheld" from GFI. 5 U.S.C. § 552(a)(4)(B).

## COUNT II
## Violation of FOIA: Failure to Make Reasonable Efforts to Search for Responsive Records

42. Paragraphs 1–41 are incorporated by reference as if set forth fully herein.

43. USDA failed to make reasonable efforts to search for records relating to each of GFI's FOIA requests.

44. USDA's failure to make reasonable efforts to search for responsive documents, including records in electronic form or format, violates FOIA. 5 U.S.C. § 552(a)(3)(B)–(C).

45. As a result of USDA's failure to comply with the statutory deadlines, GFI is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

46. GFI is entitled to an order "to enjoin the agency from withholding agency records and to order the production of any agency record improperly withheld" from GFI. 5 U.S.C. § 552(a)(4)(B).

## COUNT III
## Violation of FOIA: Failure to Make Compliance Determination and Notification

47. Paragraphs 1–46 are incorporated by reference as if set forth fully herein.

48. USDA's response to GFI's first FOIA request does not describe to what extent AMS has complied with the request, and in particular, does not identify what documents USDA is not providing, and why.

49. As a result of USDA's complete failure to respond to GFI's second and third FOIA requests, USDA has failed to provide GFI with a compliance determination and notice of the right to appeal such determination.  5 U.S.C. § 552(a)(6)(A)(i).

50. As a result of USDA's failure to comply with the statutory deadlines, GFI is deemed to have exhausted its administrative remedies.  5 U.S.C. § 552(a)(6)(C)(i).

51. GFI is entitled to an order "to enjoin the agency from withholding agency records and to order the production of any agency record improperly withheld" from GFI.  5 U.S.C. § 552(a)(4)(B).

## COUNT IV
## Violation of FOIA: Unlawful Withholding of Agency Records

52. Paragraphs 1–51 are incorporated by reference as if set forth fully herein.

53. To the extent that USDA has claimed any specific FOIA exemptions as a justification for withholding agency records, such claims are not in accordance with the law.

54. To the extent that USDA has claimed an open-ended "subject to investigation" exemption as grounds for withholding existing agency records, such claim is not in accordance with the law.

55. As described above, USDA failed to comply with statutory deadlines, failed to make reasonable efforts to search for responsive records, and failed to make a compliance determination regarding GFI's requests.

56. As a result of USDA's incorrect claims of exemptions, and USDA's unlawful delay and failures to respond or make necessary determinations, the agency has withheld responsive records in violation of FOIA, 5 U.S.C. § 552(a)(3)(A).

57. As a result of USDA's failure to comply with the statutory deadlines, GFI is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

58. GFI is entitled to an order "to enjoin the agency from withholding agency records and to order the production of any agency record improperly withheld" from GFI. 5 U.S.C. § 552(a)(4)(B).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. order Defendant to conduct a reasonable search for all responsive records;

B. order Defendant to promptly disclose to Plaintiff all responsive records;

C. order a waiver of duplication and search fees for each of Plaintiff's requests;

D. award Plaintiff its costs and reasonable attorneys' fees incurred in this action, under 5 U.S.C. § 552(a)(4)(E); and

E. grant any other relief that the Court deems just and proper.

Dated: July 8, 2016

Respectfully submitted,

/s/ Nigel Barrella
Nigel Barrella, D.C. Bar No. 1005592
Law Office of Nigel A. Barrella
1001 Pennsylvania Ave. NW, Ste 1300N
Washington, DC 20004
Tel.   (202) 768-7510
Fax   (202) 204-3501
nigel@barrellalaw.com

*Counsel for Plaintiff,*
*The Good Food Institute*